(39 App. Div. 543.)

### WARDEN et al. v. POST STEAMBOAT CO.

(Supreme Court, Appellate Division, First Department.   April 7, 1899.)

TRIAL—PREFERENCE OF CAUSE—NOTICE.
   Under Code Civ. Proc. § 793, providing that a party desiring a preference
   of a cause in New York county must serve notice of an application there-
   for, at a time prescribed by the rules of practice, with his notice of trial,
   such cause need not be on the calendar when the notices of trial and of
   application for preference are served.

Appeal from trial term, New York county.

Action by George Warden and another, as executors, etc., against
the Post Steamboat Company.   From an order granting plaintiffs'
motion for a preference, defendant appeals.   Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PAT-
TERSON, and INGRAHAM, JJ.

Charles H. Lovett, for appellant.
Edmund Luis Mooney, for respondents.

INGRAHAM, J.   By section 793 of the Code it is provided that in
the county of New York a party desiring a preference of any cause
shall serve upon the opposite party, "with his notice of trial, a no-
tice that an application will be made to the court at the opening
thereof, or to such justice or other term of court or at such other
time as shall be prescribed by the general or special rules of prac-
tice, for leave to move the same as a preferred cause, and if the right
to a preference depends upon facts which do not appear in the plead-
ings or other papers upon which the case is to be tried, the notice
must be accompanied by an affidavit showing such facts.   *   *   *

And if it shall appear that the cause is entitled to a preference and is intended to be moved for trial at or for the term for which the application is made, the court or justice may direct that it shall be so heard." This action was noticed for trial for the February, 1899, term, and with the notice of trial for such term was served a notice that upon an affidavit annexed the plaintiff would move on the first Monday of February, 1899, for an order placing the case upon the preferred calendar for trial upon the 8th day of February, 1899, upon the ground that the action was entitled to a preference, and for such other and further relief in the premises as should be just. The affidavit annexed to this notice alleged that an attachment had been issued in this action, and that thereunder the sheriff of the city and county of New York had attached a steamboat, the property of the defendant, taking the same into his actual custody; that such warrant of attachment is still in force and effect, and that the said property of the defendant is still held under such attachment. It appeared from the complaint which was used on the motion that the plaintiffs were suing as executors, and as such executors were sole party plaintiffs. By subdivision 5 of section 791 of the Code it is provided that an action or special proceeding in which an executor or administrator is the sole plaintiff or sole defendant is entitled to a preference; and by rule 36 of the general rules of practice it is provided that whenever in any action an issue shall have been joined, and if the property of the defendant be held under an attachment, the trial of the action shall be preferred. There was proof presented to the court below that the property of the defendant was sold under an attachment issued in this action, and from the pleadings it appeared that the sole parties plaintiff were executors. Therefore, both under the Code and the general rules of practice, the plaintiffs were entitled to a preference, and upon both these grounds the order below was granted.

The objection is also taken by the defendant that it did not appear that when the notice of trial was served the case was upon the calendar; but by the section of the Code before cited this notice of motion must be served with the notice of trial. By the Code a note of issue is not required to be filed until 12 days before the commencement of the term for which the cause has been noticed. It seems, therefore, that it was not contemplated by the Code that the note of issue should have been filed when this notice of trial was served, or a notice that the plaintiffs intended to apply for a preference was given. Of course, such a notice could not be granted until the cause was upon the calendar; but the motion was made to the court upon whose calendar the action must appear, and the court itself was bound to take notice of the actions upon its calendar. The motion had reference to the cause upon the calendar, and, in the absence of any proof to the contrary, it must be presumed that the court acted upon such knowledge.

The plaintiffs were clearly entitled to have the cause preferred as a matter of right, and we think the order appealed from should be affirmed, with $10 costs and disbursements. All concur.